UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SECURITIES AND EXCHANGE COMMISSION,

                          Plaintiff,

      -v-

HECTOR GALLARDO,

                          Defendant.
------------------------------------------------------------X

12 Misc. 223 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

The Court has received the SEC's letter dated October 18, 2012 (attached), and appreciates the advance notification that the SEC plans to file a motion to vacate this Court's Order of August 22, 2012.

Given the nature of the motion, the Court will allow an expedited motion schedule. The SEC may set a return date for three weeks after it files its motion.

To ensure that the defendant is fully apprised of the procedural steps that must be taken in order to obtain a final, appealable order, the Court believes an in-person conference would be useful. A hearing is therefore scheduled for November 13, 2012, at 4:00 p.m. in Courtroom 18C of the United States Courthouse, 500 Pearl Street, New York, New York 10007. The Court directs that the SEC prepare an appropriate writ for the Court to issue.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: October 23, 2012
       New York, New York



UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
NEW YORK REGIONAL OFFICE
3 World Financial Center, Room 400
New York, New York 10281-1022

John J. Graubard  
Senior Attorney (Enforcement)

Phone: 212-336-0084  
E-mail: graubardj@sec.gov

October 18, 2012

**VIA E-MAIL (engelmayernysdchambers@nsyd.uscourts.gov)**

Hon. Paul A. Engelmayer,  
United States District Judge  
United States Courthouse  
500 Pearl Street  
New York, NY 10007

      Re: *Securities and Exchange Commission v. Hector Gallardo*, 12 MC 233 (P1) (S.D.N.Y.)

Dear Judge Engelmayer:

      On August 22, 2012 your Honor entered an Order in the above proceeding (Dkt. No. 22) commanding the defendant Hector Gallardo to comply with "a final Commission order entered against him on September 28, 2011." You directed that this Order be stayed for 60 days to allow Mr. Gallardo the opportunity to file a petition for review with the United States Court of Appeals for the Second Circuit or for the District of Columbia Circuit, and that the stay remain in effect if such a petition for review were filed. Mr. Gallardo did file a petition for review with the District of Columbia Circuit on September 13, 2012. *Hector Gallardo v. SEC*, 12-1379 (D.C. Cir.).

      At the time your Honor entered the Order, you requested that counsel for the Commission raise with the appropriate staff that a notice of appellate rights should have been included in the default order entered by the Administrative Law Judge ("ALJ") and in the order in which the Administrative Law Judge denied Mr. Gallardo's motion to set aside the default order.

      Following such review, the Commission has determined that a default order entered by an Administrative Law Judge under Rule 155 of the Commission's Rules of Practice is not a "final Commission order" for the purpose of enforcement under Section 20(c) of the Securities Act of 1933, 15 U.S.C. § 77t(c), or Section 21(e) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u(e). Instead, the proper procedure would be for the ALJ to issue an initial decision under Rule 360 of the Commission's Rules of Practice, which would contain notice to the respondent of their ability to seek review by the Commission under its Rules of Practice.

      Under Rule 360, if the respondent does not seek review of the initial decision, and if the Commission did not determine on its own to review that initial decision, the Secretary would then issue a finality order under delegated authority, rendering the ALJ's decision a "final order" under the applicable rules and statutes. If the Commission does determine to review the initial

Hon. Paul A. Engelmayer,
United States District Judge
October 18, 2012
Page 2

decision, then it would enter a final order after such review. Either way, there would then be a final Commission order which could be reviewed in the appropriate Court of Appeals or enforced in the appropriate District Court.

The Commission therefore will be filing a motion under Rule 60(b) of the Federal Rules of Civil Procedure seeking relief from the August 22 order, and under Rule 41(a)(2) of the Federal Rules of Civil Procedure seeking to have this proceeding dismissed without prejudice to renewal upon the entry of a final Commission order following the procedure set forth above. If the August 22 order is vacated and the proceeding dismissed, then the Enforcement staff will request that the Administrative Law Judge enter an initial decision in this matter.

I am writing to your Honor in advance of filing this motion for two reasons. First, your Honor's Individual Rules and Practices in Pro Se Cases provide that unless brought on by an Order to Show Cause a motion should be returnable six weeks after filing. Under these circumstances, the Commission believes that this motion, which would effectively grant Mr. Gallardo the full relief he sought in this Court (and is seeking in the Court of Appeals for the District of Columbia), should be expedited.

Second, although your Honor's pro se rules provide that unless otherwise ordered by the Court oral argument will not be heard in pro se matters, you directed that Mr. Gallardo, who was and still is incarcerated, be brought to Court on a writ of habeas corpus so that he could participate in these proceedings. If your Honor were of the opinion that he should be present for the hearing on the proposed motion, the Commission will prepare, as before, an appropriate writ for the Court to issue.

I have sent a copy of this letter to Mr. Gallardo by Express Mail.

Respectfully,

John J. Graubard
Senior Attorney - Operations

cc:    Mr. Hector Gallardo